# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AIMEE POTTER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TARGET CORPORATION, <br><br> Defendant. | Case No. _____ <br><br> State Court Case No. 2021 CH 04615 |

## NOTICE OF REMOVAL OF TARGET CORPORATION

Defendant Target Corporation ("Defendant" or "Target"), by and through its counsel, Blank Rome LLP, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, and the Local Rules of the United States District Court for the Northern District of Illinois (the "Local Rules"), hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division ("State Court"), to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendant states as follows:

## BACKGROUND

1.  Defendant exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Aimee Potter v. Target Corporation*, Case No. 2021 CH 04615.

2.  28 U.S.C. § 1441(a) provides any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed to the U.S. district court for the district and division embracing the place where such action is pending.

3.  This is a civil action instituted in the State Court that has not been tried.

12723952

4.      On September 10, 2021, Plaintiff Aimee Potter ("Plaintiff" or "Potter") filed her original *Class Action Complaint* (the "Complaint") in the State Court. A true and correct copy of the available file, including the Complaint, **Exhibit A1**, is attached hereto.

5.      As set forth below, the Declaration of Ashley Srivastava reflects that Defendant received a copy of the Summons and Complaint on September 17, 2021; this Notice is thus timely under 28 U.S.C. §§ 1446(b) and 1453. *See* Declaration of Ashley Srivastava in Support of Notice of Removal, attached as **Exhibit B,** ¶ 5.

6.      As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), in that Plaintiff's action constitutes a class action—as defined in 28 U.S.C. § 1332(d)(1)(B)—pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

7.      CAFA, 28 U.S.C. § 1332(d), was enacted "to facilitate adjudication of certain class actions in federal court." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Accordingly, CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant (*i.e.,* "minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. *See* 28 U.S.C. § 1332(d); *see also Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

8.      As set forth below, this Court has subject matter jurisdiction pursuant to CAFA Section 1332(d)(2) because: (1) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); (2) at least one member of the putative class is a citizen of a state different from any defendant;

and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. Because all three requirements have been met, removal is appropriate.

## I. The Minimal Diversity of Citizenship Requirement is Satisfied.

9. At the time Plaintiff commenced this action against Defendant in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by Section 1332(d)(2)(A) of CAFA.

10. CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This requirement is met here, as Defendant is a citizen of a different state than the named Plaintiff.

11. The Complaint identifies the named Plaintiff as a citizen of Illinois. Ex. A1 ¶ 30.

12. The Complaint also identifies Defendant as being incorporated in Minnesota. *Id.* ¶ 32. Defendant's principal place of business is Minneapolis, Minnesota.

13. For purposes of diversity citizenship under 28 U.S.C. §§ 1332(a) and (d), Defendant is a citizen of a state other than the state of Illinois.

14. As a citizen of Minnesota, Defendant is a citizen of a state other than the state of citizenship of at least one named Plaintiff identified in the Complaint; accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

## II. The Amount in Controversy Requirement Under CAFA is Satisfied Because the Aggregate Amount in Controversy Exceeds $5,000,000.

15. Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11).

16. The "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties. A removing defendant need

not confess liability in order to show that the controversy exceeds the threshold." *Roppo*, 849 F.3d at 579 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) (emphasis added). "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*

17. Here, Plaintiff's claims meet the jurisdictional threshold set forth in Section 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

18. Where, as here, a complaint fails to plead a specific amount of damages or disclaim an amount of damages in excess of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S. Ct. at 554.

19. A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Id.* at 448-49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

20. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, at *43, as reprinted in 2005 WL 627977 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dart Cherokee*, 135 S. Ct. at 550 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

21. The Complaint seeks relief for purported violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"). *See* Ex. A1 ¶¶ 52-57.

22. Plaintiff specifically alleges Defendant violated BIPA via the use of Defendant's virtual try-on feature, which purportedly collected Plaintiff's (and putative class members') facial geometry scans without first: (a) obtaining consent to use their biometrics; and (b) informing them in writing of the purpose of capturing, collecting, or otherwise obtaining their biometrics and the length of time Defendant would collect, store, and use their biometrics. *Id.* ¶¶ 34-35, 55-56.

23. Plaintiff seeks an award of "liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2)," as well as all "such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4)." *Id.* Prayer for Relief. Moreover, the Complaint also seeks injunctive relief "[e]njoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4)." *Id.* Lastly, the Complaint also seeks Plaintiff's attorney's fees and expenses. *Id.*

24. As a threshold matter, a removing defendant may aggregate all a plaintiff's claims to determine the total amount in controversy. *See* 28 U.S.C. § 1332(d)(6) (under CAFA, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds $5,000,000, exclusive of interest and costs).

25. The Complaint does not disclaim an amount in controversy in excess of $5,000,000.

26. BIPA provides for liquidated damages of $1,000 for each negligent violation. 740 ILCS 14/20(1). In addition, BIPA also provides for liquidated damages of $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2).

5

12723952

27. Here, Plaintiff alleges that "[u]nlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint." *See* Ex. A1 ¶ 57. That allegation, in conjunction with Plaintiff's Prayer for Relief under 740 ILCS 14/20(2), demonstrates Plaintiff is seeking the greater of actual damages or $5,000 for each alleged BIPA violation.

28. The amount of damages sought plausibly could include the combined total of the statutory damages for each member of the putative class. 28 U.S.C. § 1332(d)(6) (under CAFA, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds . . . $5,000,000, exclusive of interest and costs"). Therefore, the total of these statutory damage amounts during the relevant period makes up the plausible damages at issue.

29. Plaintiff also seeks to represent a class of all "Illinois residents who used Defendant's Virtual Try-On technology in Illinois between September 10, 2016 and the present[.]" Ex. A1 ¶ 39. The initial investigation conducted by the undersigned indicates at least 1,000 individuals located in Illinois may have used Defendant's virtual try-on feature between August 15, 2021 (when the feature was first made available) and the date the Declaration attached hereto was executed. *See* Ex. B ¶ 8. Accordingly, for purposes of CAFA aggregation[1], there are at least 1,000 members of the putative class alleged by Plaintiff. Therefore, the aggregate amount of liquidated damages for all individuals in the putative class, each at $5,000 or more, exceeds $5 million.

---

[1] Defendant makes this representation with respect to CAFA removal only and does not concede the putative class size the for purposes of numerosity under Rule 23 of the Federal Rules of Civil Procedure. Further, Defendant also does not concede that it can identify each putative class member.

30. In addition, Plaintiff seeks an award of "reasonable attorneys' fees and costs incurred in this litigation." Ex. A1 Prayer for Relief.

31. Together, by joining their claims in one action, Plaintiff and her purported class have placed in controversy at least $5,000,000 in damages.

32. The $5,000,000 amount in controversy threshold is thus satisfied for purposes of satisfying 28 U.S.C. § 1332(d)(6).

### III. The Court Should Not Decline to Exercise Jurisdiction Over This Action.

33. Pursuant to 28 U.S.C. § 1332(d)(3), a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed.

34. Plaintiff cannot satisfy Section 1332(d)(3), as Plaintiff submits that all putative class members are Illinois citizens. Ex. A1 ¶ 39. It is therefore impossible for less than two-thirds of the members of the putative class to be Illinois citizens. Further, Defendant is a citizen of Minnesota. *Id.* ¶ 31. This action was originally filed in the State of Illinois. *See generally id*. Thus, this Court should not decline to exercise jurisdiction based on Section 1332(d)(3).

35. Pursuant to 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed, or where:

    a. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    b. at least one defendant is a defendant:

    i. from whom significant relief is sought by members of the plaintiff class;

    ii. whose alleged conduct forms a basis for the claims asserted by the proposed plaintiff class; and

    iii. who is a citizen of the State in which the action was originally filed; and

  c. principal injuries resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and

  d. during the three-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

36. The factors outlined in Section 1332(d)(4) are not present here. By its terms, 28 U.S.C. § 1332(d)(4) cannot be met where no defendant is a citizen of the state where the action was originally filed. Thus, this Court should not decline to exercise jurisdiction over this action.

### PLAINTIFF HAS ALLEGED CONCRETE, MATERIAL HARMS SUFFICIENT TO ESTABLISH ARTICLE III STANDING

37. Defendant bears the burden of establishing this Court has jurisdiction. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017) (explaining "the party seeking removal . . . bears the burden of establishing federal jurisdiction"). Article III standing is a component of the jurisdictional analysis. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, [defendant] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.").

38. For a defendant to establish plaintiff has Article III standing, a defendant must demonstrate plaintiff alleges an injury-in-fact that was caused by defendant and that is redressable by this Court. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (quoting

8

12723952

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("The 'irreducible constitutional minimum of standing' consists of three elements: injury-in-fact, causation, and redressability.").

40. For an injury to qualify as an injury-in-fact, it must be "concrete and particularized" and "actual and imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568, 595 (2021) ("No concrete harm, no standing.").

40. Here, Plaintiff has alleged the type of "concrete" injury-in-fact that courts within the Seventh Circuit have held sufficiently confer Article III standing in BIPA cases.[2]

41. The Seventh Circuit addressed the question of Article III standing in the context of BIPA in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020). There, the Seventh Circuit held the failure to provide notice and/or obtain consent prior to the collection of biometric information or biometric identifiers both inflict a personal privacy injury sufficient to establish the Article III "injury-in-fact" prong of the standing analysis for Section 15(b) claims. *Id.* at 626.

42. Here, Plaintiff claims Defendant violated Section 15(b) by failing to obtain written releases as required by Section 15(b)(3), and by failing to inform Plaintiff and the Class in writing of the information required to be disclosed under Section 15(b)(1) and (2). *See* Ex. A1 ¶¶ 55-56.

43. Thus, based on the allegations in the Complaint, Plaintiff has alleged the existence of a "concrete" injury-in-fact sufficient to confer Article III standing in this Court as it relates to Plaintiff's BIPA Section 15(b) claim against Defendant in this case.

---

[2] As before, this discussion of injury is limited to whether Plaintiff has alleged an injury-in-fact sufficient to confer Article III jurisdiction. Defendant hereby contests that Plaintiff has suffered an "actual injury"— or is an "aggrieved party" under BIPA—and reserves the right to raise such an argument at a later date.

**PROCEDURAL COMPLIANCE**

44. In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after service of the Summons and Complaint on a defendant.

45. Here, the Declaration of Ashley Srivastava reflects that a copy of the Summons and Complaint was served on September 17, 2021. *See* Ex. B ¶ 5.

46. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court to the U.S. District Court for the Northern District of Illinois, which embraces the place where the action is currently pending.

47. The U.S. District Court for the Northern District of Illinois, Eastern Division embraces the county in which the State Court action is now pending (*i.e.*, Cook County); thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 93(a)(1).

48. No previous application has been made for the relief requested herein.

49. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Defendant, including the *Class Action Complaint*, bearing case number 2021 CH 04615, filed in the Circuit Court of Cook County, Illinois (*see* **Exhibit A1**, attached).

50. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

51. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

                                                Respectfully submitted,

**DATED**: October 15, 2021                **BLANK ROME LLP**

                                                *s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Ana Tagvoryan
(*pro hac vice forthcoming*)
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Tel.: (424) 239-3465
Fax: (424) 239-3690
Email: ana.tagvoryan@blankrome.com

David J. Oberly
(*pro hac vice forthcoming*)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8711
Fax: (513) 362-8798
Email: david.oberly@blankrome.com

*Attorneys for Defendant,*
*Target Corporation*

12723952

## **CERTIFICATE OF SERVICE**

I, Jeffrey N. Rosenthal, hereby certify that, on October 15, 2021, I electronically filed the foregoing Notice of Removal of Defendant Target Corporation with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal

*Attorney for Defendant,
Target Corporation*

12723952

**EXHIBIT INDEX**

| Exhibit | Description |
|---|---|
| A | State Court File |
| A1 | Complaint |
| A2 | Motion for Class Certification |
| A3 | Summons |
| A4 | Entry of Appearance |
| A5 | Agreed Order Granting Motion and Petition for Admission *Pro Hac Vice* |
| A6 | Agreed Order Granting Unopposed Motion for Extension of Time to Answer or Otherwise Plead |
| B | Declaration of Ashley Srivastava |

12723952