# EXHIBIT A

# EXHIBIT A1

·Hearing Date: 1/10/2022 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
    Cook County, IL

FILED
9/10/2021 3:44 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04615

14777910

FILED DATE: 9/10/2021 3:44 PM  2021CH04615

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| AIMEE POTTER, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | Case No. **2021CH04615** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| TARGET CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

### CLASS ACTION COMPLAINT

Aimee Potter ("Plaintiff") files this Class Action Complaint ("Complaint") against Target Corporation ("Defendant" or "Target") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.    Defendant is a general merchandise retailer with stores in all 50 U.S. states and the District of Columbia.

2.    Defendant sells beauty and makeup products and supplies online, including through its website and the Target mobile app, and in-store at its various big-box store locations.

3.    Defendant offers Virtual Try-On technology to customers via the Target.com website and Target mobile applications.

4.    Through the use of augmented reality technology, Target's Virtual Try-On technology allows customers to virtually "try on" makeup and other products (illustrated below):

1

FILED DATE: 9/10/2021 3:44 PM   2021CH04615



5.      The Virtual Try-On technology scans a customer's facial geometry from an uploaded photo or through a live camera image to apply virtual makeup and other products to the face in the photo or live camera image.

6.      To use Defendant's Virtual Try-On technology, customers may also scan a QR code at an in-store location or select "Virtual Try-On" through the Target website or mobile application, and then enable and use a live camera image or upload a picture.

7.      Once the customer provides Target an image of the customer's face through an uploaded photo or live camera, Defendant's application scans the consumer's face and applies virtual makeup, hair color, or other beauty product to the consumer's face.

8.      Defendant's Virtual-Try On technology scans facial geometry data points in a customer's image to locate their eyes, lips, eyebrows, or other facial features.

9.      The customer is then able to view themselves with makeup applied, without having to buy the produce, and "save" or upload the image.

2

FILED DATE: 9/10/2021 3:44 PM   2021CH04615

10.    The Virtual Try-On technology will not "apply" the product to the customer's image unless there is an image of the customer's face in the uploaded photo or live camera.

11.    Once Target obtains an image of the customer's face, the Virtual Try-On technology uses augmented reality to digitally apply different products to selected facial features in the image.

12.    To try on lipstick, for example, the Virtual Try-On technology will modify the application depending upon whether the customer has an open or close-lipped smile or expression in the photo or live camera image.

13.    To try on eye shadow, for example, the Virtual Try-On technology will modify the customer's eyelids, take measurements of their eyes, and extenuate their eye color in the uploaded photo or live camera image.

14.    Plaintiff has been a long-time customer of Target. She has been registered user of the Target application since in or around 2018.

15.    On September 8, 2021, Plaintiff visited a Target store at 2656 N. Elston Ave, Chicago, IL 60647. While in the beauty section of the store, Plaintiff scanned the QR phone for various lipstick colors available for purchase and used Defendant's Virtual Try-On technology through the Target app on her phone to virtually "try on" the lipstick.

16.    Plaintiff sampled at least three lipstick colors using Defendant's Virtual Try-On technology through live images of her face.

17.    Defendant scanned Plaintiff's facial geometry and used her facial geometry and landmarks in the live camera images to apply the product to her face.

18.    Target's Virtual Try-On technology uses an algorithm that scans the face in each photo and video to detect facial features or landmarks and calculates a unique digital map of the

3

FILED DATE: 9/10/2021 3:44 PM   2021CH04615

face (*i.e.*, a face template) based on geometric attributes such as the distance between various facial features.

19.     Each facial geometry scan and face template constitutes a "biometric identifier." *See* 740 ILCS 14/10.

20.     The augmented reality generated images are not temporary or fleeting, but the images can be "saved" by the customer as a separate photo or image from the live camera image with the makeup overlay.

21.     Target conducts a facial geometry scan of uploaded photos and live camera images and collects, captures or otherwise obtains datapoints from the facial geometry scans, and then uses the datapoints in the Virtual Try-On technology to apply the makeup to a customer's face in the image.

22.     Upon information and belief, Target and its third-party affiliates and vendors collect data for the frequency that customers, such and Plaintiff, use the Virtual Try-On technology and save the personal data from the facial scan for research and marketing purposes.

23.     Defendant never informed Plaintiff, in writing or otherwise, that it was collecting scans of her facial geometry or her biometric data.

24.     When Plaintiff enabled the camera to use the Virtual Try-On technology or clicked on the "Try It On" button on the screen, she was never asked to consent to any terms or conditions or provide any waiver to use the technology, or informed how her biometric data would be collected, stored, or shared.

25.     Likewise, Defendant never obtained Plaintiff's informed written consent to collect scans of her facial geometry or her biometric data.

26.     In 2008, Illinois enacted the Biometric Information Privacy Act and restricted

4

FILED DATE: 9/10/2021 3:44 PM   2021CH04615

private entities, like Defendant, from collecting a person's biometric identifiers, including scans of facial geometry, without adhering to strict written disclosure and informed-consent procedures established by the Biometric Information Privacy Act.

27. Defendant captured, collected, or otherwise obtained biometric facial geometry scan identifiers from Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

**JURISDICTION AND VENUE**

28. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendants conduct business transactions in Illinois and committed tortious acts alleged in this Complaint in Illinois.

29. Venue is proper in Cook County because Defendant operates in this County and has an office in it.

**THE PARTIES**

30. Plaintiff is an individual who is a resident of Illinois.

31. Defendant is Minnesota Corporation.

32. Defendant's principal office is in Minneapolis, Minnesota.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

33. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

34. Among other things, the Biometric Information Privacy Act prohibits a "private entity" from capturing, collecting, or otherwise obtaining biometric identifiers from an individual

5

unless that private entity first obtains the individual's informed written consent. 740 ILCS 14/15(b)(3).

35.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing, collecting, or otherwise obtaining biometric identifiers from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting or storing biometric identifiers or information, and (b) the purpose and length of time for which the private entity will collect, store, and use the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

**BACKGROUND FACTS**

36.     When Plaintiff used the live screen Virtual Try On function on Target's application, , Defendant captured, collected, or otherwise obtained scans of Plaintiff's facial geometry.

37.     Before capturing, collecting, or otherwise obtaining scans of Plaintiff's facial geometry, Defendant never provided Plaintiff any written materials stating that it was capturing, collecting, or otherwise obtaining scans of Plaintiff's facial geometry.

38.     Before capturing, collecting, or otherwise obtaining scans of Plaintiff's facial geometry, Defendant never obtained Plaintiff's informed written consent authorizing the capture, collection, or use of scans of Plaintiff's facial geometry.

**CLASS ACTION ALLEGATIONS**

39.     Plaintiff seeks to represent a class of Illinois residents who used Defendant's Virtual Try-On technology in Illinois between September 10, 2016 and the present ("the Class").

40.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: Defendant capturing, collecting or otherwise obtaining scans

FILED DATE: 9/10/2021 3:44 PM   2021CH04615

6

of their facial geometry without adhering to the requirements of the Biometric Information Privacy Act.

41.     The Class includes more than 50 members.

42.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

43.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant captured, collected, or otherwise obtained scans of facial geometry from the Class; whether the facial scan data Defendant captured qualifies as "biometric identifiers" under the Biometric Information Privacy Act; and whether Defendant made written disclosures and obtained informed written consent before capturing, collecting, or otherwise obtaining scans of facial geometry from the Class.

44.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

45.     Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

46.     This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable.

47.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

48.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

7

FILED DATE: 9/10/2021 3:44 PM    2021CH04615

49.     The books and records of Defendant are material to Plaintiff's case as they disclose how Defendant captured, collected, or otherwise obtained scans of facial geometry from Plaintiff and the Class and what information Defendant provided Plaintiff and the Class about its capture, collection, and use of their biometric identifiers.

50.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

51.     Plaintiff retained counsel experienced in complex class action litigation, including class action litigation under the Biometric Information Privacy Act.

**COUNT I**
**Violation of the Biometric Information Privacy Act**
**(Class Action)**

52.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

53.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

54.     Plaintiff's and the Class's scans of facial geometry qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

55.     Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would collect, store, and use Plaintiff's and the Class's scans of facial geometry.

56.     Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first obtaining their informed written consent to the capture, collection, or use of Plaintiff's and the Class's scans of facial geometry.

57.     Unlike other Illinois companies, Defendant failed to take notice and follow the

8

FILED DATE: 9/10/2021 3:44 PM 2021CH04615

requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.  Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.  Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.  Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.  Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: September 9, 2021

/s/ David J. Fish
One of Plaintiff's Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
**FISH POTTER BOLAÑOS, P.C.**
200 East 5th Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355-7590

Douglas M. Werman
dwerman@flsalaw.com
Zachary C. Flowerree
zflowerree@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008

*Attorneys for Plaintiff*

9

# EXHIBIT A2

· Hearing Date: 11/15/2021 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED
9/13/2021 10:47 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04615

14787119

FILED DATE: 9/13/2021 10:47 AM    2021CH04615

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| AIMEE POTTER, individually and on behalf of all others similarly situated, known and unknown, | |
| *Plaintiff,* | Case No.:  21CH4615 |
| v. | |
| TARGET CORPORATION, | |
| *Defendant.* | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Aimee Potter ("Plaintiff") alleges that Defendant violated the Act by collecting, possessing, and transferring Plaintiff's and the proposed class's biometric face geometry identifiers and information through Defendant's Virtual Try-On technology scans system without following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 3-4, 24-28, 42-62. Plaintiff files this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiff. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015) ("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class certification motion could not render moot any part of plaintiff's pending action") (footnote and

1

FILED DATE: 9/13/2021 10:47 AM   2021CH04615

citation omitted).

Named Plaintiff moves to certify the following class:[1]

Illinois residents who used Defendant's Virtual Try-On technology in Illinois
between September 10, 2016 and the present ("the Class").

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801
(numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 50
members. Compl. ¶ 31. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied.
*Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004)
("Although there is no bright line test to determine numerosity, the Illinois courts generally follow
the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is
insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions
affecting only individual members, including: whether Defendant required the Class to scan their
face geometry; whether Defendant collected the Class's "biometric identifiers" or "biometric
information" under the Biometric Information Privacy Act; and whether Defendant complied with
the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act. ¶ 33.
These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v.
Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007) (common
questions of law and fact predominate where the potential class challenged the defendant's
"uniform policy.").

Third, Named Plaintiff will fairly and adequately protect the interests of the Class because

---

[1]   Named Plaintiff reserves the right to amend this class definition and supplement this
motion based on information obtained in discovery.

FILED DATE: 9/13/2021 10:47 AM   2021CH04615

her claims are coextensive with those of the Class, they have no interests antagonistic to the Class, and she is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometric geometry Virtual Try-On system); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff request that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

3

FILED DATE: 9/13/2021 10:47 AM   2021CH04615

Respectfully submitted,

Dated: September 9, 2021

/s/ David J. Fish
One of Plaintiff's Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
**FISH POTTER BOLAÑOS, P.C.**
200 East 5th Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355-7590

Douglas M. Werman
dwerman@flsalaw.com
Zachary C. Flowerree
zflowerree@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008

*Attorneys for Plaintiff*

4

# EXHIBIT A3

Hearing Date: 1/10/2022 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
Cook County, IL

FILED DATE: 9/10/2021 3:51 PM   2021CH04615

FILED
9/10/2021 3:51 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04615

14778118

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties
AIMEE POTTER, on behalf of herself and
all other persons similarly situated,
known and unknown

Plaintiff(s)

v.

TARGET CORPORATION,

c/o CT Corporation System          Defendant(s)
208 S. LaSalle St., Sute 814
Chicago, IL 60604

Address of Defendant(s)

Case No.   2021CH04615

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant: TARGET CORPORATION,

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 44086
○ Pro Se 99500

Name: Fish Potter Bolanos P.C.

Atty. for (if applicable):

Plaintiff

Address: 200 E. 5th Avenue, Suite 123

City: Naperville

State: IL Zip: 60563

Telephone: 630-355-7590

Primary Email: docketing@fishlawfirm.com

9/10/2021 3:51 PM IRIS Y. MARTINEZ

Witness date _____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 9/10/2021 3:51 PM 2021CH04615

# EXHIBIT A4

FILED DATE: 9/30/2021 11:13 AM   2021CH04615

FILED
9/30/2021 11:13 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04615

15024711

Appearance and Jury Demand *

(12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

County Dept. Chancery **DEPARTMENT/_____ DISTRICT**

AIMEE POTTER
_____
Plaintiff

v.

TARGET CORPORATION
_____
Defendant

Case No. __2021 CH 04615__

Claimed $: _____

Return Date: _____ Time: _____

Court Date: __11/15/21__ Room No.: __2102__

50 W. Washington Street, Chicago IL, 60602
_____
Address of Court District for Filing

### APPEARANCE AND JURY DEMAND *

- [x] General Appearance
- [ ] Jury Demand *

- [x] 0900 - Fee Paid
- [ ] 0908 - Trial Lawyers Appearance - No Fee
- [ ] 1900 - Appearance and Jury Demand/Fee Paid
- [ ] 1904 - Appearance and Jury Demand/No Fee Paid

- [ ] 0904 - Fee Waived

- [ ] Twelve-person Jury
- [ ] Six-person Jury

The undersigned enters the appearance of:   ○ Plaintiff   ● Defendant

Litigant's Name: __Target Corporation__

Signature: /s/ _____

- [x] Initial Counsel of Record
- [ ] Additional Appearance
- [ ] Pro Se (Self-represented)
- [ ] Substitute Appearance
- [ ] 2810  Rule 707 Out-of-State Counsel
  (pro hac vice)

- ● Atty. No.: __6330210__   ○ Pro Se 99500

Name: __Amanda Noonan__

Atty. for (if applicable):

__Target Corporation__

Address: __444 W. Lake Street.__

City: __Chicago__

State: __IL__ Zip: __60606__ Phone: __(312) 776-2537__

Primary Email: __amanda.noonan@blankrome.com__

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
- [ ] I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ Amanda Noonan
_____
Attorney for   ○ Plaintiff   ● Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 1

# EXHIBIT A5

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| AIMEE POTTER, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021 CH 04615 |
| | ) | Calendar 16 |
| TARGET CORPORATION, | ) | Hon. David B. Atkins |
| Defendant. | ) | |

### AGREED ORDER

THIS CAUSE COMING by agreement of the parties in relation to Defendant's Unopposed Motion and Petition for Admission *Pro Hac Vice* Pursuant to Illinois Supreme Court Rule 707, with the Court being otherwise advised in the premises, **IT IS HEREBY ORDERED:**

1. Defendant's Unopposed Motion and Petition for Admission *Pro Hac Vice* Pursuant to Illinois Supreme Court Rule 707 is GRANTED, and Jeffrey N. Rosenthal is permitted to appear *pro hac vice* in this Court for this cause. **JUDGE DAVID B. ATKINS**

ENTERED:     **OCT 0 1 2021**

**Circuit Court-1879**

_____
Judge

*Prepared By:*

Amanda Noonan
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
Tel: (312) 776-2537
amanda.noonan@blankrome.com
*Counsel for Target Corporation*

*Agreed:*

David Fish
Mara Baltabols
Fish Potter Bolaños, P.C.
200 East 5th Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355-7590
dfish@fishlawfirm.com

mara@fishlawfirm.com
*Counsel for Plaintiff*

Douglas M. Werman
Zachary C. Flowerree
Werman Salas P.C.
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008
dwerman@flsalaw.com
zflowerree@flsalaw.com
*Counsel for Plaintiff*

Jeffrey N. Rosenthal
Blank Rome LLP
130 North 18th Street
Philadelphia, Pennsylvania 19103
Rosenthal-J@BlankRome.com
*Counsel for Target Corporation*

2

# EXHIBIT A6

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

AIMEE POTTER, on behalf of herself        )
and all other persons similarly situated, )
known and unknown,                        )
                                          )
        Plaintiff,                      )
                                          )
v.                                        )    Case No. 2021 CH 04615
                                          )
TARGET CORPORATION,                       )    Hon. David B. Atkins
                                          )
                                          )    Calendar 16
                                          )
                                          )
        Defendant.                      )

### [PROPOSED] AGREED ORDER

THIS CAUSE having come before the Court upon Defendant Target Corporation's ("Defendant") Unopposed Motion for Extension of Time To Answer or Otherwise Plead and the Court having reviewed the file, being advised that the parties are in agreement, and being otherwise advised in the premises, it is hereby ORDERED:

1.    Defendant's Unopposed Motion for Extension of Time to Answer or Otherwise Plead is GRANTED.

2.    Defendant has until November 17, 2021 to answer or otherwise plead to Plaintiff Aimee Potter's Complaint.

3.    Plaintiff's Motion for Class Certification is entered and continued generally.

4.    The November 15, 2021 court date is struck.

Dated:

**JUDGE DAVID B. ATKINS**

**ENTERED:**    OCT 06 2021

Circuit Court-1879

_____

Honorable David B. Atkins

*Prepared By:*

Amanda Noonan
BLANK ROME LLP
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
Tel: (312) 776-2537
 amanda.noonan@blankrome.com
*Counsel for Target Corporation*

*Agreed:*

David Fish
Mara Baltabols
Fish Potter Bolaños, P.C.
200 East 5th Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355-7590
dfish@fishlawfirm.com
mara@fishlawfirm.com
*Counsel for Plaintiff*

Douglas M. Werman
Zachary C. Flowerree
Werman Salas P.C.
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008
dwerman@flsalaw.com
zflowerree@flsalaw.com
*Counsel for Plaintiff*

Jeffrey N. Rosenthal
Blank Rome LLP
130 North 18th Street
Philadelphia, Pennsylvania 19103
jeffrey.rosenthal@blankrome.com
*Counsel for Target Corporation*