**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AIMEE POTTER, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : | Case No. 1:21-cv-05496 |
| vs. | : : | Hon. Elaine E. Bucklo |
| TARGET CORPORATION, | : : | |
| Defendant. | : : | |

**DEFENDANT TARGET CORPORATION'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Ana Tagvoryan
(*pro hac vice forthcoming*)
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Tel.: (424) 239-3465
Fax: (424) 239-3690
Email: ana.tagvoryan@blankrome.com

David J. Oberly
(*pro hac vice forthcoming*)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8711
Fax: (513) 362-8798
Email: david.oberly@blankrome.com

*Attorneys for Defendant,
Target Corporation*

**TABLE OF CONTENTS**

**Page**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND. | | 2 |
| | A. | The Illinois Biometric Information Privacy Act. | 2 |
| | B. | Plaintiff's Allegations. | 3 |
| | C. | Procedural Background. | 3 |
| III. | LEGAL STANDARD. | | 3 |
| IV. | ARGUMENT. | | 5 |
| | A. | Plaintiff's BIPA Claim is Foreclosed Under Minnesota Law. | 5 |
| | B. | The Complaint Also Fails to Allege a "Plausible" BIPA Violation. | 6 |
| V. | CONCLUSION | | 9 |

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................... 4

*Atkins v. City of Chicago*,
   631 F.3d 823 (7th Cir. 2011) ................................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................... 4, 8

*Bell v. City of Country Club Hills*,
   841 F.3d 713 (7th Cir. 2016) ................................................................................................ 3

*Cent. States, Se. & Sw. Areas Pension Fund v. Duluth Paper & Specialties Co.*,
   2015 U.S. Dist. LEXIS 125521 (N.D. Ill. Sep. 18, 2015) ........................................................ 1

*Hazlitt v. Apple Inc.*,
   500 F. Supp. 3d 738 (S.D. Ill. 2020) ..................................................................................... 2

*Heard v. Becton, Dickinson & Co.*,
   440 F. Supp. 3d 960 (N.D. Ill. 2020) ............................................................................... 6-9

*Jacobs v. Hanwha Techwin Am., Inc.*,
   2021 WL 3172967 (N.D. Ill. July 27, 2021) ......................................................................... 6

*Janice Doty Unlimited, Inc. v. Stoecker*,
   697 F. Supp. 1066 (N.D. Ill. 1998) ....................................................................................... 5

*Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*,
   571 F.3d 672 (7th Cir. 2009) ................................................................................................ 4

*Limestone Dev. Corp. v. Vill. of Lemont*,
   520 F.3d 797 (7th Cir. 2008) ................................................................................................ 4

*Maxwell v. Cty. of Cook*,
   2011 WL 4639530 (N.D. Ill. Mar. 17, 2011) ....................................................................... 5

*Midway Home Ent., Inc. v. Atwood Richards, Inc.*,
   1998 WL 774123 (N.D. Ill. Oct. 29, 1998) ......................................................................... 5

*Potomac Leasing Co. v. Chuck's Pub, Inc.*,
   509 N.E.2d 751 (Ill. Ct. App. 1987) .................................................................................... 5

*Rivera v. Google, Inc.*,
   238 F. Supp. 3d 1088 (N.D. Ill. 2017) ............................................................................... 7-8

*Simonian v. Edgecraft Corp.*,
   2010 WL 3781262 (N.D. Ill. Sept. 20, 2010) ........................................................................ 6

*Smith v. Medical Benefit Administrators Group, Inc.*,
   639 F.3d 277 (7th Cir. 2011) ................................................................................................. 4

*Tamayo v. Blagojevich*,
   526 F.3d 1074 (7th Cir. 2008) ............................................................................................... 4

*Wilson v. AT&T Inc.*,
   2010 WL 987737 (S.D. Ind. Mar. 12, 2010) ......................................................................... 4

*WTM, Inc. v. Henneck*,
   125 F. Supp. 2d 864 (N.D. Ill. 2000) .................................................................................... 5

**Statutes**

740 ILCS 14/1 *et seq.* ..................................................................................................................... 1

740 ILCS 14/5(a) ............................................................................................................................ 2

740 ILCS 14/10 ............................................................................................................................... 9

740 ILCS 14/15 ........................................................................................................................... 6, 8

Minnesota Securities Act ................................................................................................................ 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 3

163036.00601/127746340v.1

Defendant Target Corporation ("Target"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court for an order dismissing Plaintiff Aimee Potter's ("Plaintiff") *Class Action Complaint*, with prejudice.

I.  INTRODUCTION

In this putative class action, Plaintiff Aimee Potter ("Plaintiff") claims her and others' "biometric identifiers" or "biometric information" were improperly collected by Target's software and a smartphone application that allows customers to use their smartphone or computer device to virtually "try on" certain cosmetic products sold by Target. Plaintiff alleges Target's virtual try-on ("VTO") feature violates the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*

Plaintiff's BIPA claim is fundamentally flawed as a matter of law. First, as described in greater detail in Target's simultaneously filed *Motion to Compel Arbitration*, *Transfer Venue or Dismiss* ("Motion to Compel"), ECF No. 13,[1] Plaintiff—a longtime Target customer—specifically, and on multiple occasions, agreed to Target's Terms and Conditions ("T&Cs") for accessing and using the VTO feature on both Target's website and through the Target smartphone application ("Target App"). The T&Cs include a mandatory Arbitration Agreement requiring Plaintiff arbitrate any "disputes" against Target—including this one—on an individual, non-class basis. If this Court agrees, it need not address any arguments raised in this Rule 12(6)(6) motion.

Should this Court nonetheless opt to proceed, however, the T&Cs also include a substantive choice-of-law clause mandating the application of Minnesota law to said "disputes." Because Minnesota does not have a biometrics law, Plaintiff cannot assert a BIPA claim against Target.

---

[1] According to opinions from this Court, a motion to compel arbitration should properly be presented as a separate motion. *See Cent. States, Se. & Sw. Areas Pension Fund v. Duluth Paper & Specialties Co.*, 2015 U.S. Dist. LEXIS 125521, at *4-5 (N.D. Ill. Sep. 18, 2015) (observing defendant's "request to compel arbitration is more appropriately made in a separate motion," as distinct from a Rule 12(b)(6) motion).

1

Setting this dispositive issue aside, Plaintiff also ineffectually alleges the VTO feature allows Target to receive or obtain user's "facial geometry" to display cosmetic products. Specifically, Plaintiff asserts Target violated BIPA Sections 15(a) and Section 15(b), respectively, by failing to inform Plaintiff in writing that her facial geometry was being collected; and not obtaining Plaintiff's informed written consent to capture, collect, or use Plaintiff's and the Class's "facial geometry" scans. At core, however, Plaintiff's allegations are nothing more than rote recitations of the statutory language. Under universally accepted pleading standards, such allegations are factually deficient and fail to support a claim as a matter of law. The Complaint should be dismissed, with prejudice.

## II. BACKGROUND.

### A. The Illinois Biometric Information Privacy Act.

BIPA was enacted in 2008 to manage the "promise" of biometric technology for Illinois residents. *See* 740 ILCS 14/5(a). BIPA seeks to encourage the development and use of biometric technology by imposing requirements on private entities that collect and possess biometric data. *See id.* Only possessors and collectors of biometric data are regulated by BIPA. *Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738, 750 (S.D. Ill. 2020) (citing 740 ILCS 14/15), *vacated in part on other grounds*, 2021 WL 2451296 (7th Cir. Jan. 22, 2021).

BIPA imposes distinct sets of obligations on "possessors" and "collectors" of biometric data. Under Section 15(a), entities that are in "possession" of biometric data must develop a publicly available privacy policy and schedule/guidelines for permanently destroying biometric data. 740 ILCS 14/15(a). BIPA requires something else of "collectors"—*i.e.*, those that actively and directly "collect, capture, purchase, receive through trade, or otherwise obtain" a person's biometric data. *Id.* 14/15(b). Under Section 15(b), "collectors" must provide written notice to individuals and obtain their consent before collecting any biometric data. *Id.*

2

B. **Plaintiff's Allegations**.

Plaintiff alleges she visited a Target store at 2656 N. Elston Ave., Chicago, IL on September 8, 2021. ECF No. 1-2, ¶ 15. It was during this visit Plaintiff allegedly used Target's VTO feature on her smartphone application "to virtually 'try on' the lipstick" she had selected. *Id.*

In her *Complaint*, Plaintiff alleges the VTO feature is offered to consumers through a website Target.com and through mobile applications, both of which are accessed through web browsers. *Id.* ¶ 2. Plaintiff claims that the technology conducts certain scanning, measurement and modification of various facial data points and geometry to virtually apply the makeup through "augmented reality." *Id. in passim*. What is missing is any factual assertion that the biometric identifiers (her facial geometry scan) were collected, captured, received or obtained by Target from her mobile device or browser tools—they were not. Beyond bare, conclusory allegations, the *Complaint* fails to offer any additional *factual* detail regarding Target's collection of any biometric identifier relating to Plaintiff.

Plaintiff asserts a single Count against Target that purports to arise under both BIPA Sections 15(a) and 15(b). *See id.* ¶¶ 55-56. For these violation(s), Plaintiff seeks statutory damages from Target for herself and all other users of the VTO Feature in the amount of $5,000 for *each* willful or reckless violation or, alternatively, $1,000 for *each* negligent violation. *Id.*, Count I Prayer for Relief. Plaintiff also seeks injunctive relief. *See id.*, Count I Prayer for Relief.

C. **Procedural Background**.

Plaintiff filed her *Class Action Complaint* in the Cook County Circuit Court on September 10, 2021. ECF No. 1-2. Target removed the action to this Court on October 15, 2021. ECF No. 1.

III. **LEGAL STANDARD.**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *See, e.g., Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir. 2016). To satisfy this pleading burden, a

3

plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Judgment should be entered where, as here, the factual allegations, viewed in the light most favorable to the plaintiff, do not plausibly entitle plaintiff to relief. *Wilson v. AT&T Inc.*, 2010 WL 987737, at *1 (S.D. Ind. Mar. 12, 2010) (citing *Twombly*, 550 U.S. at 560-62).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* When discovery is likely to be more than unusually costly—as with a class action—the complaint must include as much factual detail as may be required to show the plaintiff has plausible claims. *See, e.g., Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008); *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803-04 (7th Cir. 2008) (a "complaint in a potentially complex litigation . . . must have some degree of plausibility to survive dismissal."). Indeed, the purpose of the *Iqbal* plausibility requirement is to avoid the "in terrorem" effect of allowing plaintiffs with a "largely groundless claim" to "force defendants into either costly discovery or an increased settlement value." *Id.*; *Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*, 571 F.3d 672, 677-78 (7th Cir. 2009); *Atkins v. City of Chicago*, 631 F.3d 823, 831-32 (7th Cir. 2011) (Posner, J.) (after *Twombly* and *Iqbal*, the "fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it"); *Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 281 (7th Cir. 2011).

4

IV.     **ARGUMENT.**

A.      <u>**Plaintiff's BIPA Claim is Foreclosed Under Minnesota Law**</u>.

As demonstrated in the Cook Declaration, filed with the accompanying *Motion to Compel, Transfer Venue, or Dismiss*, ECF No. 13-4, Plaintiff agreed to have the laws of Minnesota govern all her interactions with Target.[2] Specifically, in the T&Cs, Plaintiff agreed Minnesota law applies to "all disputes" relating to her use of the Site[3] and "arising out of or related to these Terms and Conditions." ECF No. 13-4, Cook Dec. Ex. B at 21. Plaintiff's allegations here—*i.e.*, that Target allegedly violated BIPA through its VTO feature—are directly related to her use of the Target App; thus, Minnesota law applies. But BIPA is an *Illinois* statute with no corollary in Minnesota. Since courts routinely enforce such contractual choice-of-law provisions,[4] and Plaintiff fails to assert any recognized cause of action under Minnesota law, she fails to state a claim for relief. *WTM, Inc. v. Henneck*, 125 F. Supp. 2d 864, 868 (N.D. Ill. 2000) (granting motion to dismiss, in

---

[2] Courts may consider evidence on a Rule 12(b)(6) motion to dismiss without converting it to one for summary judgment when the documents are central to the plaintiff's claims and their authenticity is not disputed. *Maxwell v. Cty. of Cook*, 2011 WL 4639530, at *3 (N.D. Ill. Mar. 17, 2011) (observing a "court considering a Rule 12(b)(6) motion to dismiss is generally confined to the allegations contained in the complaint"; however, "the bar on considering matters outside the pleadings is not absolute," in that documents a defendant attaches to a motion to dismiss will be considered part of the pleadings if they are: "(1) referred to in the plaintiff's complaint and (2) central to the plaintiffs' claims.").

[3] "Site" is defined in the T&Cs as: "the Target website located at www.target.com and all other sites, mobile sites, services, *applications*, platforms and tools where these Terms & Conditions appear or are linked." Ex. B. to Cook Dec. at 1 (emphasis added).

[4] That Minnesota does not have a biometric privacy statute does not negate the contractually agreed upon choice-of-law provision. *See, e.g., WTM, Inc.*, 125 F. Supp. 2d at 867-68 ("[t]he fact that a different state may provide certain statutory rights for a plaintiff which are not available under the chosen state's law does not invalidate a choice-of-law provision as contrary to public policy. In fact, *Illinois courts have enforced parties' choice-of-law provisions even though the chosen state left plaintiff without recourse under another state's law*.") (emphasis added); *see also Potomac Leasing Co. v. Chuck's Pub, Inc.*, 509 N.E.2d 751, 753-56 (Ill. Ct. App. 1987) ("Although the Michigan consumer protection statute does not include a notice of cancellation requirement, we are of the opinion that this difference alone does not warrant overriding the parties' expressed choice of law."); *Janice Doty Unlimited, Inc. v. Stoecker*, 697 F. Supp. 1066, 1020 (N.D. Ill. 1998) (enforcing Georgia choice-of-law provision and refusing to allow claim under Illinois Consumer Fraud Act); *Midway Home Ent., Inc. v. Atwood Richards, Inc.*, 1998 WL 774123, at *2-3 (N.D. Ill. Oct. 29, 1998) ("Illinois courts themselves have enforced parties' choice-of-law provision *even though a foreign state's consumer fraud statute left the Illinois residents no resources*.") (emphasis added).

5

part, where sale agreement contained a choice-of-law provision which clearly stated Illinois law governs; thus, plaintiffs were foreclosed from bringing a separate claim under the Minnesota Securities Act).

## B. The *Complaint* Also Fails to Allege a "Plausible" BIPA Violation.

Plaintiff's claims describe her use of Target's VTO feature and its functionality on her specific device—but fail to lend any support that Target "plausibly" violated BIPA. *Simonian v. Edgecraft Corp.*, 2010 WL 3781262, at *3 (N.D. Ill. Sept. 20, 2010) (alleged "facts that are 'merely consistent with a defendant's liability" "stop[] short of the line between possibility and plausibility of entitlement to relief.") (citation omitted). That is, Plaintiff generically claims Target's VTO feature "scans facial geometry data points in a customer's image" and takes "measurements" in order to provide the requested output to Plaintiff—but offers no supporting factual detail to plausibly allege this process *collects, captures,* or *obtains* the customer's biometric identifiers on Target's servers, the bedrock of a BIPA claim. ECF No. 1-2 ¶ 8; 740 ILCS 14/15(a), (b), and (d). *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 969 (N.D. Ill. 2020) (dismissing BIPA Section 15(b) claims where complaint failed to allege defendant "collect[ed], capture[d], purchase[d], receive[d] through trade, or otherwise obtain[ed]" biometric data from Heard or the putative class members"; additionally dismissing Section 15(a) and 15(d) claims where complaint failed to "adequately plead[] possession because [it] fails to allege that [defendant] "exercised *any* dominion or control over [his] biometric data.") (quotation omitted) (emphasis in original).

Section 14/15(b) is not violated unless the private entity "collect[s], capture[s], purchase[s], receive[s] through trade, or otherwise obtain[s] a person's or a customer's biometric identifier or biometric information." Courts have held private entities must have actually *received* the true identifying data points—in this case, the "facial geometry data points" of Plaintiff. *Jacobs v. Hanwha Techwin Am., Inc.*, 2021 WL 3172967, at *3 (N.D. Ill. July 27, 2021) (dismissing

6

complaint for failure to allege plausible BIPA violation where "complaint does not say whether defendant could freely access the data, or even how defendant *allegedly received it*.") (emphasis added). Read closely, Plaintiff's *Complaint* does not allege any facts to suggest *Target* may plausibly have received such information through the application that runs on Plaintiff's browser or her mobile device. Instead, Plaintiff alleges only how the Target App and device *themselves* function and capture such information. Plaintiff devotes most of her allegations to the VTO feature's web browser and application aspects, alleging *the application* "scans facial geometry data points in a customer's image to locate their eyes, lips, eyebrows, or other facial features," and "uses augmented reality to digitally apply different [makeup] products to selected facial features." *See* ECF No. 1-2 ¶¶ 8, 11-13.

Alternating between "Target" and the "technology," Plaintiff's allegations suggest *only* that the application tool on the device "obtains an image of the customer's face," "modifies" the lips or eyelids, "takes measurements" and scans and uses the images to create an "augmented reality," which can then be saved "by the customer" on her device. *Id*. ¶ 7 ("Defendant's application scans…"); ¶ 8 ("Defendant's Virtual-Try On technology scans…"); ¶¶ 12-13 (the "technology" will modify…"); ¶ 18 (the "technology" "scans the face" and "calculates a unique digital map"); ¶ 20. What is left is a dearth of factual detail about how Target's VTO feature operated to allow it to collect, capture, or obtain her facial geometry scan, or how Target otherwise "identifies" Plaintiff based on said scan(s). *Heard*, 440 F. Supp. 3d at 965 (noting BIPA applies *only* to those entities that collect, capture, purchase, receive through trade, otherwise obtain, or possess biometric data); *Rivera v. Google, Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017) (a "biometric identifier . . . is a set of measurements of a specified physical component . . . *used to identify a person*") (emphasis added).

7

This identified pleading deficiency is crucial in the context of a BIPA case involving web-based software and script of the kind at issue here. ECF No. 1-2 ¶ 3. The mere fact such an API (application programming interface) tool runs on a web-based device does not mean the identifying data points are then transferred or received by the entity offering said tool. *Rivera*, 366 F. Supp. 3d at 1007 n.11 (observing "the mere existence of APIs does not mean that, without a bug, Google was sharing photos or face templates with outside parties, since APIs 'usually require a user's permission to access any information[.]'"). Plaintiff further fails to allege any specific facts to support the contention such transfer occurred, or that the VTO feature is capable of transferring such data points past the browser. With this understanding, Plaintiff's allegations ultimately add nothing to whether Target *collected*, *captured*, *or stored* Plaintiff's biometric identifiers to assert a "plausible" violation of the Illinois statute. 740 ILCS 14/15(a), (b) & (d).

In short, neither the collection nor identification components of a BIPA claim are plausibly alleged here; rather, Plaintiff cherry-picks BIPA's statutory language, alleging (in conclusory fashion) that Target "collects, captures, or otherwise obtains datapoints from the facial geometry scans," and that "[*u*]*pon information and belief*, Target . . . collect[s] data for the frequency that customers . . . use the [VTO] technology and save[s] the personal data from the scan[.]" ECF No. 1-2 ¶¶ 21-22 (emphasis added). Such allegations are insufficient to support a claim. *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do."); *Heard*, 440 F. Supp. 3d at 969 ("Heard, therefore, is not entitled to plead disclosure based upon information and belief" without a "legitimate reason to suspect" a BIPA violation occurred). What is more, Plaintiff tellingly fails to explain the relevance of Target purportedly saving "the personal data" from the facial scan "for research and marketing purposes." ECF No. 1-2 ¶ 22. "Personal data" is not a component of BIPA, nor does the term suggest Target uses "biometric

8

information"—defined only as "information, . . . based on an individual's biometric identifier used to identify an individual." Therefore, this allegation is superfluous. 740 ILCS 14/10. Surely Plaintiff is not suggesting Target uses Plaintiff's visual identity for "research or marketing purposes." Under the "totality of the circumstances," and in the context of a browser application of the kind alleged here, Plaintiff has failed to allege a sufficiently "plausible" BIPA claim. *Heard*, 440 F. Supp. 3d at 969.

## V. CONCLUSION

For the above reasons, Defendant Target Corporation respectfully requests that this Court enter an Order dismissing the *Complaint*, with prejudice.

Respectfully submitted,

**DATED**: December 20, 2021

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Ana Tagvoryan
(*pro hac vice forthcoming*)
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Tel.: (424) 239-3465
Fax: (424) 239-3690
Email: ana.tagvoryan@blankrome.com

David J. Oberly
(*pro hac vice forthcoming*)
1700 PNC Center, 201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8711
Fax: (513) 362-8798
Email: david.oberly@blankrome.com

*Attorneys for Defendant,*
*Target Corporation*

9

## CERTIFICATE OF SERVICE

I, Jeffrey N. Rosenthal, hereby certify that, on December 20, 2021, I electronically filed the foregoing Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(6) of Defendant Target Corporation with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal

*Attorney for Defendant,
Target Corporation*

163036.00601/127746340v.1